## WINDHAM *v*. MOBILE & O. R. Co.*

(Division A.   Nov. 29, 1926.)

[110 So. 441.   No. 25995.]

RAILROADS.   *Instruction authorizing recovery only on showing animal was struck by train held erroneous under evidence.*

Instruction authorizing recovery against railroad for death of horse only on showing that animal was actually struck by train *held* erroneous under evidence tending to show that negligent operation of train caused frightened animal to meet its death by jumping from trestle into ditch.

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 1314, n. 28.

APPEAL from circuit court of Prentiss county.

HON. C. P. LONG, Judge.

Suit by Leonard Windham, by next friend, Ed Windham, against the Mobile & Ohio Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Friday & Windham,* for appellant.

The instruction, the refusal of which is complained of, was drawn under section 1895, Code of 1906. Under this statute and the holdings of this court, appellant was clearly entitled to this instruction. See *The Thornhill case,* 106 Miss. 387. The law required the engineer to exercise

reasonable skill and care to prevent the injury after he discovered the position and peril of the horse. On the contrary, the record shows that he did neither, but wilfully butchered the horse while it was entrapped. Under the law and the facts as shown by appellee's own witness, it cannot escape liability.

*Ely B. Mitchell,* for appellee.

This horse was not on the railroad tracks at a crossing, but was on the railroad track where he had no right to be and was a trespassing animal. The only duty the agents of the railroad company owed this horse was not to kill him wilfully or recklessly. The assumption is that when an animal is running along the railroad track and not between the rails that the animal will turn off the railroad track and escape to a place of safety. As long as this horse was running down the path to the right of the track he was in an absolutely safe place, and it was not necessary for the engineer to do anything until he saw this trespassing animal in a perilous position or place of danger.

The jury by its verdict accepted the testimony of the eye-witness for the defendant and refused the testimony of the eye-witness for the plaintiff. In addition thereto, they held that the horse was not killed through any negligence or carelessness on the part of the agents of the defendant. "A verdict based upon conflicting evidence is conclusive." *Thompson* v. *Poe,* 104 Miss. 586; *Estes* v. *Jones,* 119 Miss. 142; *L. & N. R. R. Co.* v. *Jones,* 98 So. 320; *City of Hattiesburg* v. *Beverley,* 123 Miss. 759.; *N. O. & N. E. R. R. Co.* v. *Ward,* 132 Miss. 462; *Ayers* v. *Tonkel et al.,* 103 So. 361.

The appellant claims that the court committed error in refusing instruction number one for the plaintiff based upon the *prima-facie* statute, but see *Nichols* v. *G. & S. I. R. R. Co.,* 83 Miss. 139; *Lowe* v. *Ala., etc., Ry. Co.,* 81

Miss. 9, 32 So. 907; *M. J. & K. S. R. R. Co.* v. *Kea,* 96 Miss. 197; *So. Ry. Co.* v. *Daniels,* 108 Miss. 370.

Cook, J., delivered the opinion of the court.

The appellant instituted this suit against the Mobile & Ohio Railroad Company for damages for the death of a horse, alleged to have been caused by the running of one of defendant's trains, and from a verdict in favor of the defendant this appeal was prosecuted.

For the appellant, there was testimony to the effect that the horse became frightened at the approach of the train, and started running ahead of the train, and between the railroad track and a high embankment; that there was no avenue of escape for the horse, and it ran ahead of the train for about one hundred fifty yards, and until it came to a trestle over a ditch about twenty-five feet deep, and thereupon whirled back in front of the train, and was struck and knocked into this ditch or creek.

For the appellee, the engineer, who was in charge of the train, testified that he was running about ten or twelve miles per hour when he first saw the horse; that he had the train under perfect control, and could have stopped it within forty feet; that the horse was about fifty feet ahead of the train when he first saw it; that in running to the trestle the horse gained on the train; that, when the horse reached the trestle, he went onto the abutment thereof, and jumped over into the ditch or creek; that no part of the train touched the horse; and that he could have easily stopped the train at any time within forty feet.

In this state of the testimony, the court granted the defendant an instruction directing the jury to return a verdict for the defendant, unless they believed from a preponderance of the evidence that the horse was negligently struck and killed by the defendant's train. Under the

proof above detailed, we think the granting of this instruction was reversible error.

The engineer testified that he thought the horse would come onto the track when it reached the trestle, and jump into the trestle, and that if it had done so, he would have stopped the train rather than risk the danger to the train of running into the animal caught in the trestle. There was testimony for the appellant that the horse was trapped between the track and a high embankment. If this engineer saw this frightened animal, trapped between the track and an embankment, and running towards the trestle with no avenue of escape ahead, except to go onto the track, or jump into the creek, over which the trestle extended, and he then had his train under perfect control, and could have stopped it within forty feet, and he did nothing to avoid the impending injury to the animal, the jury might well have found, and, in fact, the conclusion is almost inescapable, that he was guilty of negligence in the operation of the train under these circumstances. The instruction complained of limited the right to recovery to any injury inflicted upon the animal by being actually struck by the train, and we think the granting of this instruction, under the facts and circumstances in evidence, was reversible error.

*Reversed and remanded.*